

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3998
Re: Expense accounts of
members of Public Safety
Commission

We have received your letter of September 17, 1941, which we quote in part as follows:

"A member of the Commission filed with this department his expense account for a flat $10.00 per day, with no itemization of the amount expended.

"Since the issuance of warrant in payment of expenses is based upon the idea of reimbursement or a refund of the amount actually spent, is this department authorized to recognize and pay the expense account of a member of the Commission that is submitted on a flat $10.00 per diem basis?

"The appropriation for the payment of this expense, or wage, is in the General Appropriation Bill for the Department of Public Safety. Does the rider limiting the expenses of State employees to $4.00 a day control in this instance?"

Article 4413 (2), Vernon's Annotated Civil Statutes (Acts 1935, 44th Leg., R.S., p. 444, ch. 181 § 3), creates the Public Service Commission. Said article reads in part as follows:

"Art. 4413 (2). Creation of the Public
Safety Commission

". . . In the appointment of the members
of the Commission, the following qualifications
among others shall be observed: Knowledge of laws;
experience in the enforcement of law; honesty,
integrity; education, training and executive
ability. They shall serve without compensation,
but shall be entitled to receive Ten ($10.00)
Dollars per day as an expense account and nec-
essary mileage in the performance of their
duties, such expense allowance shall not exceed
Five Hundred ($500.00) Dollars annually for each
member."

The question now presents itself whether the Com-
missioners are entitled under the statute to the flat sum
of $10.00 for each day spent in the discharge of their
official duties whether that amount is entirely expended
or not. That is not the interpretation which we place on
the Act.

If a Commissioner spent less than $10.00 per
day and was paid the full sum of $10.00, then that amount
over what was actually spent would not be an expense. It
would be either a form of compensation or a gratuity. The
Act specifically provides that the Commissioners shall serve
without compensation, and a holding that it is a gratuity
would be in direct violation of Section 51 of Article III,
Constitution of Texas, which prohibits the granting of
public moneys.

Thus, we think it clear that it was the legislative
intent that a Commissioner is entitled to reimbursement for
his actual expenses only, with the limitation that he cannot
spend more than $10.00 for any one day or $500.00 for any
one year and claim reimbursement for the excess.

You ask whether under subsection 12(g) of Sec-
tion 2 of the current departmental appropriation bill

(Acts 1941, 47th Leg., R. S., S. B. 423) the limitation of $4.00 applies in this instance. Subsection 12(g) of Section 2 provides as follows:

"All employees traveling at the expense of the State are hereby limited to the amount of Four ($4.00) Dollars per day expenses for meals and lodging; it being specifically provided that the employees shall obtain receipt for all amounts expended for all items of lodging and other expense except meals, and shall file said receipts with their expense accounts, which expense accounts must be duly itemized and sworn to; and the State Comptroller is hereby expressly prohibited from paying any expense accounts which are not itemized and sworn to and accompanied by receipts as herein provided."

Subsection 13 (f) of the same section reads in part as follows:

"It is expressly provided that the provisions of Subsection 12g of this Act with reference to limitation of amount of traveling expense shall not apply to the Governor, the Lieutenant-Governor, and the members of the commissions who receive no salary or per diem, when traveling in or out of the State. . . ."
(Emphasis supplied)

As the members of the Public Safety Commission receive no salary or per diem, they are excepted from the operation of Subsection 12(g), as to the limitation of $4.00 per day for meals and lodging.

Article 4413 (2) also authorizes the reimbursement of the Commissioners for necessary mileage.

It is elementary that before public moneys may be withdrawn from the Treasury, the Legislature must make

887

an appropriation therefor.  It is clearly within the province of the Legislature in appropriating funds for certain purposes to provide the manner of payment and to attach conditions to their expenditures.  See Opinion No. 0-1426.

Subsection 12(f) of Section 2 of the appropriation act authorizes reimbursement for mileage traveled and provides the method for computing the same. Subsection 13 of Section 2 requires certain information in rendering expense accounts "before any expense account shall be paid from appropriations herein made."  Although Subsection 13(f) excepts the persons named from the provisions of Subsection 12(g) with reference to the limitation of amount, it does not except them from that part of the subsection which requires itemization of expense accounts.

We believe that "state employee" as used in the appropriation bill covers all officers, representatives, and agents of the State.  If this were not clearly the legislative intent, then the inclusion of Subsection 13(f) in the bill would be a foolish act.

It is our opinion that these provisions are binding upon the members of the Public Safety Commission. Therefore, the expense accounts of the Commissioners must be itemized before the Comptroller is authorized to pay the same.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By ~~Glenn R. Lewis~~
Glenn R. Lewis
Assistant

By ~~George W. Sparks~~
George W. Sparks

APPROVED SEP 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GWS:WFS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN